## BLOODGOOD *against* BRUEN.

*Statute of limitations; revivor of debt.*

THE firm of Thomas H. Smith & Son, composed of Thomas H. Smith and George W. Bruen, on the 21st of June, 1828, made a promissory note in favor of Thomas Bloodgood (the plaintiff's testator), for $10,360.11, payable ninety days after date, and falling due September 22d, 1828. On the 23d of September, 1828, Thomas H. Smith died, leaving a will appointing his copartner, G. W. Bruen, executor, who received letters testamentary, and acted as executor until October, 1846, when he was removed, and the now defendant, Herman Bruen, appointed in his stead.

The bill in this cause was filed in August, 1845, against George W. Bruen, the then executor, to collect the amount due on the above note. To meet the defence of the statute of limitations, it was alleged in the bill, "that George W. Bruen has, on repeated occasions, and to divers persons, since the date of said promissory note, admitted that the amount thereof, with interest thereupon, remained due and unpaid, and promised to pay the same;" and it was specially alleged, that in an answer in Chancery, in the suit of *James Iddings, receiver, &c.,* agt. *George W. Bruen and others,* sworn to, June 18th, 1842, by George W. Bruen, he made such admissions.

The defendant, Herman Bruen, who was made a party after his appointment as executor, set up in his answer the defence of the statute of limitations.

The cause was transferred to the Superior Court, where a decree was made in favor of the complainant, for the amount of the note and interest.

This court reversed that decree and dismissed the bill, on the ground that there was nothing shown in the case

to prevent the statute of limitations from operating as a bar to the claim.

*Holding,* that the general allegations of repeated acknowledgments by G. W. Bruen, since the date of the note, must be disregarded for want of certainty; it not appearing when, or to whom, they were made, or whether within the period of the statute of limitations or not. Also, that Bruen, as surviving partner, could not make such an admission or promise as would revive the debt against the estate of this deceased copartner.

That the admission in the answer to the bill of Iddings was not sufficient to revive the claim, for the reasons:

1st. That it was not made to the creditor or any one representing him, but to a stranger.

2d. The admission was not voluntary. George W. Bruen was made a witness by Iddings, the trustee of his creditor, and compelled to testify. An admission obtained in this way cannot be made the foundation of a new promise.

3d. The admission was not made by Bruen in his character as executor, nor is it so charged in the bill.

4th. If the admission was made by him in his character of executor, it would not bind the estate of the testator. If he could bind the estate in any manner, it could only be by a positive contract.

(See 4 Sandf. 427; 8 N. Y. 362, S. C.)